

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00385-CR

AARON MICHAEL MORALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the County Court at Law No. 1
Potter County, Texas
Trial Court No. 133,742-1, Honorable W. F. (Corky) Roberts, Presiding

June 19, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Aaron Michael Morales appeals from his jury conviction of theft of property worth at least $50 but less than $500.[1] He was sentenced by the court to 180 days confinement in the Potter County Detention Center and a $2000 fine. Through one issue, appellant contends the evidence to support his conviction was insufficient. We will affirm.

---

[1] See TEX. PENAL CODE ANN. § 31.03 (West 2012). This is a Class B misdemeanor punishable by up to 180 days of confinement and a fine not to exceed $2000. TEX. PENAL CODE ANN. § 12.22 (West 2012).

## Background

Appellant was charged by information with appropriating water meter covers without the consent of their owner, the superintendent of the City of Amarillo water and sewer department.

A witness testified she was driving on Northeast 20th Street in Amarillo, on an afternoon in March 2012. She noticed a truck in an alley. She watched as two males picked up water meter covers, also referred to at trial as "meter lids," and put them into the back of the truck. The males eventually entered the truck, one jumping into the back and the other entering the truck's passenger side. The witness assumed there was a third person driving the truck. Concluding the men were stealing the covers, she called 911. She followed the truck to a metal recycling business and waited for officers to arrive. An Amarillo police officer shortly arrived, finding appellant, along with his mother and younger brother, present in the truck that the witness had followed. Appellant was in the front passenger seat of the truck. The officer spoke with the driver, appellant's mother, and eventually obtained her consent to search the truck. The truck bed contained several "junk" metal items, including a clothes washer and dryer. When the officer opened the dryer door, he discovered several water meter covers inside. Other testimony established there was a total of fourteen covers in the truck.

Bruce Walterscheid is the superintendent of the City of Amarillo's water and sewer department. He testified his office personnel notified him that afternoon that water meter covers had been taken from an alley and Amarillo police were investigating. He further testified appellant did not have permission to take the City's water meter covers.

Walterscheid and his assistant went to the recycling business, took possession of the covers and had them replaced in the alley in which the witness had seen the truck. Walterscheid's testimony valued the fourteen covers at $18.22 each, for a total of approximately $252.00.  Each meter lid is ten inches in diameter and an inch thick and weighs about seventeen-and-a-half pounds. The covers each bore a stamp reading "City of Amarillo water meter."  Photographs of the covers were introduced.  Appellant did not testify.

The jury found appellant guilty as charged in the information[2] and the court assessed punishment as noted.  This appeal followed.

Analysis

Through his sole issue on appeal, appellant argues the trial court erred in denying his motion for directed verdict at the close of the State's case.  He specifically argues the evidence is insufficient to "support the value of the alleged stolen property."

A complaint of the failure to grant a motion for directed verdict is a challenge to the legal sufficiency of the evidence. *Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App. 2003); *Barnes v. State,* 248 S.W.3d 217, 219 (Tex. App.—Houston [1st Dist.] 2007). In assessing the sufficiency of the evidence to support a criminal conviction, we consider all the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences to be drawn therefrom, any rational trier of fact could have found the essential elements of a crime beyond a

_____

[2] Included in the court's charge to the jury was an instruction on the lesser-included offense of the Class C misdemeanor, theft in the amount of $50 or less.  TEX. PENAL CODE ANN. § 31.03(e)(1)(A) (West 2012).

3

reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Ross v. State,* 133 S.W.3d 618, 620 (Tex. Crim. App. 2004). Circumstantial evidence can be as probative as direct evidence, *Geesa v. State,* 820 S.W.2d 154, 162 (Tex. Crim. App. 1991), and circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The same standard is used to review the sufficiency of direct and circumstantial evidence. *Geesa,* 820 S.W.2d at 159-61.

Appellant committed theft if he unlawfully appropriated property with the intent to deprive the owner of property. TEX. PENAL CODE ANN. § 31.03(a) (West 2012). To appropriate means "to acquire or otherwise exercise control over property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (West 2012). The appropriation was unlawful if it was without the effective consent of the owner. TEX. PENAL CODE ANN. § 31.03(b) (West 2012). The theft offense was a class B misdemeanor if the value of the property exceeded $50.00 but was less than $500.00. TEX. PENAL CODE ANN. § 31.03(e)(2)(A)(i) (West 2012).

As noted, appellant's issue focuses on the evidence of the value of the covers. His argument acknowledges that the evidence was sufficient to support a finding he appropriated two of the covers, those the witness said she saw the men load in the truck. But, he asserts, the evidence is insufficient to connect him with the appropriation of the remaining twelve covers found in the clothes dryer. Because the covers were valued at $18.22 each, he argues the evidence was not sufficient to support a conviction for a Class B misdemeanor because it established only his theft of property worth $36.44 (the value of two covers), not $252 (the value of all fourteen covers).

4

In his brief appellant contends, "[i]t is a reasonable hypothesis that appellant got into the truck in the alley when the witness had lost sight of the vehicle and had no knowledge of the stolen water meter covers in the closed clothes dryer in the bed of the truck. Alternatively, it is a reasonable hypothesis that appellant only appropriated the two water meter covers that the witness testified that she saw taken." We need not consider whether appellant is correct that either of those hypotheses is a reasonable alternative to his guilt of the Class B offense, because the State was not required to produce evidence excluding every other reasonable hypothesis except that of guilt. The "outstanding reasonable hypothesis of innocence" construct as a method of appellate review for evidentiary sufficiency is no longer applied in Texas criminal cases. *Manivanh v. State,* 334 S.W.3d 23, 28 (Tex. App.—Dallas 2008, pet. ref'd) (*citing Geesa,* 820 S.W.2d at 160-61).

Applying the required standard of review, we instead determine whether, considering all of the evidence in the light most favorable to the verdict and reasonable inferences to be drawn from that evidence, the jury was rationally justified in finding appellant guilty of the Class B offense beyond a reasonable doubt. *Brooks*, 323 S.W.3d at 899. The issue boils down to an inquiry whether the jury rationally could infer that appellant had sufficient involvement with the appropriation of the twelve covers found in the dryer to support his guilt of the greater Class B offense. An inference is a conclusion reached by considering other facts and deducing a logical consequence from them. *Hooper*, 214 S.W.3d at 16.[3] All fourteen meter covers were taken from the

_____

[3] Drawing an inference is to be distinguished from speculation, which "is mere theorizing or guessing about the possible meaning of facts and evidence presented. A conclusion reached by

5

same alley, and were in the bed of the truck when appellant, his mother and brother arrived at the metal recycling business. The witness told the jury she watched as the two males loaded two of the covers into the truck, and followed them to the metal recycling business. Appellant having acknowledged the jury's rational conclusion that he appropriated those two covers, viewing the evidence in the light most favorable to the jury's verdict, we find the jury rationally could have deduced that the theft of the other twelve covers found inside the dryer in the vehicle occurred also at the same time.

The evidence was sufficient for a rational jury to conclude appellant committed theft of property in an amount greater than $50.00, but less than $500.00. We resolve appellant's sole issue against him and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt." *Hooper*, 214 S.W.3d at 16.